```
 1  CAROLYN A. DYE (SBN 97527)
    3435 Wilshire Blvd.
 2  Suite 990
    Los Angeles, CA 90010
 3  Telephone: 213/368-5000
    Facsimile: 213/368-5009
 4  Email: trustee@cadye.com

 5  Attorney for Mark Rofeh

 6

 7

 8              UNITED STATES BANKRUPTCY COURT

 9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

12  In re                          ) Case No. 2:15-bk-20200-RK
                                   )        [Chapter 7]
13  SCHAFA DAVID MASSAJI,          )
                                   ) Adv. Case No.: 2:15-ap-01577-RK
14              Debtor.            )
    _____ ) PLAINTIFF'S STATEMENT OF
15                                 ) UNDISPUTED FACTS AND
    MARK ROFEH,                    ) CONCLUSIONS OF LAW
16                                 )
              Plaintiff,           ) Date:   February 3, 2016
17                                 ) Time:   3:00 p.m.
         V.                        ) Place:  Courtroom 1675
18                                 )         255 E. Temple Street
    SCHAFA DAVID MASSAJI, DEBTOR   )         Los Angeles CA 90012
19  HEREIN AND BRAD KRASNOFF,      )
    CHAPTER 7 TRUSTEE,             )
20                                 )
              Defendant.           )
21  _____ )

22
```

23  Plaintiff, Mark Rofeh ("Rofeh"), by and through his counsel,

24  hereby presents his Statement of Undisputed Facts and Conclusions

25  of Law, as set forth below.

26  ///

27  ///

28  ///

**00001**

I

**UNDISPUTED FACTS AND EVIDENTIARY SUPPORT FINDING THAT DEFENDANT TOOK POSSESSION AND CONTROL OF ESTATE PROPERTY AND FAILED TO TURNOVER SUCH PROPERTY UPON DEMAND BY TRUSTEE**

**(FIRST CAUSE OF ACTION - TURNOVER)**

| Undisputed Facts | Evidence |
|---|---|
| 1. Defendant admits this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. § 157, 11 U.S.C. 553(a), Rule 7001(a) and (g) and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code. | 1. Answer of Massaji, Paragraph 1, Exhibit A to Motion for Summary Judgment. |
| 2. Defendant admits this adversary proceeding is brought pursuant to Rule 7001 (a) and (g) of the Federal Rules of Bankruptcy Proceeding. This adversary proceeding is a core proceeding pursuant to 28 | 2. Answer of Massaji, Paragraph 2, Exhibit A to Motion for Summary Judgment. |

| | |
|---|---|
| U.S.C. § 157(b)(2)(A), (K) and (O) and the Plaintiff otherwise consents to this Court entering final orders with respect to any matter concerning this adversary proceeding. | |
| 3. Defendant admits the venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a). | 3. Answer of Massaji, Paragraph 3, Exhibit A to Motion for Summary Judgment. |
| 4. Defendant admits he filed a Chapter 7 Petition on June 25, 2015, Case No. 2:15-bk-20200-RK. Defendant, Brad Krasnoff, was thereafter appointed as the Chapter 7 Trustee in this case and serves in that capacity. Defendant Krasnoff was sued in that capacity but has been dismissed by Stipulation. | 4. Answer of Massaji, Paragraph 4, Exhibit A to Motion for Summary Judgment. |
| 5. Rofeh is the uncle of the Defendant. As described herein, they each hold judgments against the other that were | 5. Answer of Massaji, Paragraph 5, Exhibit A to Motion for Summary Judgment. |

-3-

| | | |
|---|---|---|
| 1 | final judgments for liquidated | |
| 2 | amounts prior to the | |
| 3 | commencement of the Debtor's | |
| 4 | case. | |
| 5 | | |
| 6 | 6. On February 17, 2015, the | 6. Answer of Massaji, |
| 7 | California Court of Appeals, | Paragraph 6, Exhibit A to |
| 8 | in Case No. B250315, affirmed | Motion for Summary Judgment; |
| 9 | the lower court's Judgment | Exhibit B to Motion for |
| 10 | (entered on March 9, 2013 in | Summary Judgment. |
| 11 | Los Angeles County Superior | |
| 12 | Court Case No. BC405445 ("Case | |
| 13 | 2")), entering a judgment in | |
| 14 | favor of Rofeh against Debtor. | |
| 15 | The Judgment entered in Case 2 | |
| 16 | is a final judgment for a | |
| 17 | liquidated amount. | |
| 18 | | |
| 19 | 7. Defendant admits he holds a | 7. Answer of Massaji, |
| 20 | Judgment against Rofeh arising | Paragraph 7, Exhibit A to |
| 21 | from an earlier case, Los | Motion for Summary Judgment; |
| 22 | Angeles County Superior Court | Exhibit C to Motion for |
| 23 | Case No. BS10704 ("Case 1") | Summary Judgment. |
| 24 | entered on May 16, 2013. The | |
| 25 | judgment obtained in Case 1 is | |
| 26 | a final judgment for a | |
| 27 | liquidated amount. | |
| 28 | | |

| | |
|---|---|
| 8. Defendant admits his schedule B he listed the Judgement he held against Rofeh (obtained in Case 1) as an asset valued at $1,900,000. Debtor listed Rofeh and his wife (erroneously named "Mary Rofeh, Esq.") as creditors stating he owed each of them $2,000,000 arising from the Judgment entered in Case 2. (Although Rohef and his wife are each listed individually as creditors, there is only one debt for the Judgment amount from Case 2.) | 8. Answer of Massaji, Paragraph 8, Exhibit A to Motion for Summary Judgment; Exhibit D to Motion for Summary Judgment. |
| 9. The judgment in favor of Rofeh having been entered than 90 days prior to the commencement of the Debtor's case was a final unavoidable judgment. | 9. Declaration of Carolyn A. Dye, Paragraph 5, Exhibit B to Motion for Summary Judgment. |
| 10. The amounts owed under the two judgments are mutual obligations between Rofeh and Debtor, arising between them in | 10. Declaration of Carolyn A. Dye, Paragraph 6, Exhibits B and C to Motion for Summary Judgment. |

| | |
|---|---|
| 1  the same right and in the same | |
| 2  capacity. | |
| 4  11. At the Petition date, | 11. Declaration of Mark |
| 5  Debtor owed Rofeh $1,694,786.78 | Rofeh, Paragraph 6; Exhibit E |
| 6  and Rofeh owed Debtor | to Motion for Summary Judgment |
| 7  $2,197,537.60. Thus, the amount | |
| 8  owed _by_ Debtor exceeds the | |
| 9  amount owed _to_ Rofeh. | |
| 11  12. The judgment against Rofeh | 12. Declaration of Carolyn A. |
| 12  is no longer property of the | Dye, Paragraph 6, Notice of |
| 13  estate. | Abandonment; Exhibit F to |
| 14 | Motion for Summary Judgment. |
| 16  13. Once the setoff is | 13. Answer of Massaji, |
| 17  allowed, there will be no | Paragraph 13. |
| 18  amount collectible by the | |
| 19  Defendant from Rofeh. | |
| 21  14. Rofeh was permitted to | 14. Declaration of Carolyn A. |
| 22  this Complaint as the Court has | Dye, Paragraph 7, Exhibit G to |
| 23  granted Rofeh's Motion for | Motion for Summary Judgment. |
| 24  Relief from the Automatic Stay, | |
| 25  permitting Rofeh the right to | |
| 26  seek setoff under 11 U.S.C. | |
| 27  Section 553(a). | |

## II

## CONCLUSIONS OF LAW

## NO GENUINE ISSUE OF FINAL MATERIAL FACT

### (FIRST CAUSE OF ACTION)

Plaintiff incorporates by this reference as of set forth herein the Undisputed Facts and Supporting Evidentiary Support set forth in I above, paragraphs 1-14.

Establishing the absence of a genuine issue of material fact regarding Defendant's liability is shown by the following undisputed evidence:

(i) there is no genuine issue of final material fact each of Plaintiff and Defendant hold judgments against each other;

(ii) each judgment was a "final" judgment entered prior to 90 days before the Debtor's bankruptcy case was filed; and

(iii) Movant is entitled to a Declaratory Judgment that he is entitled to setoff.

## III

### PLAINTIFF IS ENTITLED TO SETOFF

### (SECOND CAUSE OF ACTION)

Plaintiff incorporates by this reference as if set forth in full herein the Undisputed Facts and Supporting Evidentiary Support set forth in I above, paragraphs 1-14.

The cause of action for setoff having been established, Plaintiff is entitled to damages as follows:

(i) the judgments are subject to setoff pursuant to 11 U.S.C. Section 553 in that:

(a) Rofeh, the creditor, holds a claim that arose before the commencement of the case;

-7-

00007

    (b) Rofeh, the creditor, owes a debt that also arose before the commencement of the case;

    (c) the claim and debt are mutual;

    (d) the claim and debt are each valid and enforceable; and

  (ii) the debt owed to Rofeh exceeds the amount owed to Defendant by Rofeh; and

  (iii) Rofeh is entitled to a judgment of setoff and a judgment that he owes nothing to Debtor.

LAW OFFICE OF CAROLYN A. DYE

Dated: December 17, 2015  By: /s/ Carolyn A. Dye
           Carolyn A. Dye, Attorneys
           for Plaintiff, Mark Rofeh

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3435 Wilshire Blvd., Suite 990, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled Plaintiff's Statement of Undisputed Facts and Conclusions of Law will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 18, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye            trustee@cadye.com
Brad D Krasnoff (TR)     jmcdaniel@dgdk.com, bkrasnoff@ecf.epiqsystems.com
David Brian Lally        davidlallylaw@gmail.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

**2.    SERVED BY UNITED STATES MAIL:** On December 18, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Schafa David Massaji
11666 Montana Ave., #312
Los Angeles, CA 90049

**3.    SERVED BY PERSONAL DELIVERY:** Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on December 18, 2015, I arranged for service on the following person as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Robert N. Kwan
United States Bankruptcy Judge
Bin Outside of Suite 1682
255 East Temple Street
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 18, 2015

Shawn Sterrett

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1. PROOF OF SERVICE

00009