1  David Brian Lally, Esq., Bar No. 145872
   Law Office of David Brian Lally
2  26895 Aliso Creek Rd., #B663
   Aliso Viejo, CA 92656
3  Telephone 949-500-7409
   Facsimile 949-861-9250
4  E-mail: Davidlallylaw@gmail.com

5  Attorney for Defendant and Respondent
   SCHAFA DAVID MASSAJI
6

7

8                   UNITED STATES BANKRUPTCY COURT
9
         CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION
10
   In Re:                          ) CASE NO.:   2:15-bk-20200-RK
11                                  ) ADV. NO.:   2:15-ap-01577-RK
   SCHAFA DAVID MASSAJI             ) CHAPTER     7
12                                  )
            Debtor.                 )
13                                  ) OPPOSITION TO MOTION FOR
   _____    ) SUMMARY JUDGMENT, DECLARATION
14 MARK ROFEH,                      ) OF SCHAFA DAVID MASSAJI
                                    )
        Plaintiff,                  )
15                                  )
   v.                               ) Date:  February 2, 2016
16                                  ) Time:  3:00 p.m.
   SCHAFA DAVID MASSAJI,            ) Ctrm:  1675
17                                  )
            Defendant.              )
18 _____    )

19

20      TO: THE HONORABLE ROBERT KWAN,  UNITED STATES BANKRUPTCY

21 JUDGE, PLAINTIFF AND HIS ATTORNEY:

22      Schafa David Massaji ("Defendant") files his Opposition to Plaintiff's Motion For

23 Summary Judgment.  Any Reply is due at least seven days prior to the hearing.

24                              **I.**

25                       **<u>INTRODUCTION</u>**

26      1.      The Motion is based upon a misguided and incorrect source of the facts.  The two

27 Judgments referred-to and attached to the Motion derive from two separate and distinct lawsuits

28 and facts.  Since the facts are different, and the source of the two Judgments is different, there

                                    1

1  cannot be a set-off.  The claims are not mutual pursuant to 11 U.S.C. Section 553; there is where

2  Plaintiff and Defendant disagree.  Moreover, Plaintiff has the heavy burden to prove the debts are

3  mutual, and he has failed to do so.  Accordingly, there are disputed, material facts warranting

4  denial of the Motion.

5                                          II.

6                              **THE RELEVANT FACTS**

7       2.      To begin, Defendant does not dispute that he holds a Judgment against Plaintiff,

8  and Plaintiff holds a Judgment against Defendant.  There is no dispute that each Judgment is

9  final.  The primary dispute is whether the two debts and Judgments are mutual as required

10  pursuant to Section 553.  The Exhibits attached to the Motion say what they say and define the

11  facts and issues in this case.

12      3.      The primary facts are that Plaintiff has a Judgment against Defendant dated

13  May 16, 2013, and affirmed by the Court of Appeals on February 17, 2015.  See Exhibit "B" to

14  the Motion.  At the same time, Defendant holds a Judgment against Movant dated May 16, 2013,

15  and for $1,900,000 (as set forth in Schedule "B").   See Exhibit "C" to the Motion.

16      4.      The Debtor filed his Chapter 7 Petition on June 25, 2015, and listed Plaintiff as a

17  creditor in Schedule "F".

18      5.      In 2006 the Parties attended Arbitration.  And while the initial intent of the

19  Arbitration was to resolve all issues, in fact the Arbitrator ruled (on November 17, 2006) Plaintiff

20  owed Defendant $212,963.71, and that Defendant owned a 25% of the company.   The Parties

21  filed conflicting Petitions in the Superior Court regarding confirmation of the Award and

22  vacating the Award.  Plaintiff appealed the Award but the Award was affirmed on Appeal.  The

23  Appellate Court also noted it reversed the Arbitrator's revised Opinion insofar as Defendant was

24  not responsible for the debts of the business. (The clarification was made beyond 30 days of the

25  Arbitration Award.)

26      6.      On January 13, 2009, Defendant filed his Superior Court Complaint for

27  dissolution of the business, an accounting, and breach of fiduciary duty.  Judgment was entered

28  on May 16, 2013, inter alia, dissolving the business.  Finally, after years of litigation on February

2

1   17, 2015, the California Appellate Court rendered an Opinion. See Exhibit "A" to the Motion.

2   As set forth on Page 9 of the Opinion, the Court concludes that the Arbitration Award did not

3   resolve all issues and did not preclude litigation of every issue relating the events predating the

4   Arbitration. Accordingly, the Appellate Court agreed that not all issues had been resolved.

5   In Plaintiff's Superior Court Complaint against this Defendant he alleged that the circumstances

6   were different than in th first lawsuit. And they had to be for otherwise collateral estoppel and res

7   judicata would have prevented Plaintiff from suing Defendant in the Superior Court.

8   Accordingly, Plaintiff himself as admitted, in the Superior Court cases, that the debts are separate

9   and distinct, and derive from different facts. For otherwise, Plaintiff would not have won the

10  second lawsuit against Defendant and obtained a Judgment.

11  ### III.

12  ### __THE STANDARD OF PROOF__

13       7.    The only issue vis-a-vis a motion for summary judgment is whether there are any

14  genuine issues of material fact to be determined at trial. Covey v. Hollydale Mobilehome

15  Estates, 126 F.3d 830, 834 (9th Cir. 1997). Motions for summary judgment look beyond the

16  pleadings to the available evidence to determine whether a genuine need for trial exists. See

17  Celotex Corp. V. Catrett 477 U.S. 317, 106 S. Ct. 2548, 2552 (1986). The moving party must

18  make a showing that there is no triable issue of material fact and that the moving party is thus

19  entitled to judgment as a matter of law. Celotex, Supra at 2553-2554. As set forth herein, based

20  upon the fact that the two Judgments derive from two different set of facts, there are disputed

21  facts and no basis for a set-off.

22       8.    Conversely, the opposing party must affirmatively show facts supporting the

23  existence of a viable legal theory, and may not merely rely upon unsupported or conclusory

24  allegations. Celotex, Supra at 2553-2554. Defendant has met his burden by the language of the

25  two Judgments themselves, and the Appellate Court Opinion. Again the source of the two

26  Judgments is different, the facts giving rise to the two Judgments are different, and thus the

27  Motion must be denied because there are disputed facts.

28  ///

3

## IV.

## SET-OFF IS NOT AUTOMATIC

9.    11 U.S.C. § 553(a) "does not establish independent setoff rights in bankruptcy but rather preserves setoff rights existing under law independent of the Bankruptcy Code." United States of Am. v. Gould (In re Gould), 401 B.R. 415, 423 (9th Cir. BAP 2009). Setoff rights are favored, but not automatically permitted. See Carolco Television, Inc. v. Nat'l Broad. Co. (In re De Laurentiis Entm't Group, Inc.), 963 F.2d 1269, 1277 (9th Cir. 1992) ("[S]etoffs in bankruptcy have been 'generally favored' and a presumption in favor of their enforcement exists."); Camelback Hosp., Inc. v. Buckenmaier (In re Buckenmaier), 127 B.R. 233, 237 (9th Cir. BAP 1991) ("[B]ecause the setoff right is an established part of our bankruptcy laws, it should be enforced 'unless compelling circumstances . . .' require otherwise.") (citation omitted)). The allowance of a setoff right is discretionary. United States v. Arkison (In re Cascade Rds., Inc.), 34 F.3d 756, 763 (9th Cir. 1994) ("'Its application, when properly invoked before a court, rests in the discretion of that court, which exercises such discretion under the general principles of equality." (citation omitted)); Pieri v. Lysenko (In re Pieri), 86 B.R. 208, 210 (9th Cir. BAP 1988) ("Under the Code, the allowance of setoff is not automatic but is instead permissible at the discretion of the bankruptcy court, applying the general principles of equity."). "While setoff is by its nature equitable, setoff rights in many cases are governed by statute and are applied consistent with the governing statutory terms." Gould, 401 B.R. at 423.

## V.

## THE DEBTS ARE NOT MUTUAL

10.    The next restriction set forth in the Bankruptcy Code is mutuality of claims. Mutuality is a requirement that exists and is also strictly construed under the Bankruptcy Code. See Aviation Ventures, Inc. v. Joan Morris, Inc., 110 P.3d 59, 63 (Nev. 2005) ("Nevada law requires that each party must have a valid and enforceable debt against the other for setoff to apply."). Interestingly, Section 553 does not define the term "mutuality", nor is it defined anywhere in the Code.

11.    For mutuality to exist, the debts and claims must be in the same right, between the

1  same parties, standing in the same capacity.  See <u>States v. Carey (In re Wade Cook Fin. Corp.)</u>,

2  375 B.R. 580, 588 (B.A.P. 9th Cir. 2007).  With the two separate Judgments, involving different

3  issues, there is no mutuality because the debts are not in the same right; they arise from different

4  circumstances, different causes of actions, and different lawsuits.  See <u>Untied States v. Carey (In</u>

5  <u>re Wade Cook Fin. Corp.)</u>, 375 B.R. 580, 588 (B.A.P. 9th Cir.  2007).

6  WHEREFORE, Defendant prays for an order as follows:

7      1.    That the Motion be denied in its entirety;

8      2.    That Defendant be awarded his attorneys' fees and costs; and

9      3.    For such other relief as the Court deems just and proper.

10  Date:  January 11, 2016              Law Office of David Brian Lally

11

12

13                                  David Brian Lally, Esq.
                                Attorney for Defendant

14

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

5

## DECLARATION OF SCHAFA DAVID MASSAJI

I, David Massaji declare as follows:

I am the Defendant in this case. I have reviewed my file, and the documents attached to the Motion, and I am thoroughly familiar with the facts set forth herein. I have personal knowledge of the following. The facts set forth herein are of my own personal knowledge. If called upon to testify, I would testify to the following.

12.     The Motion is based upon a misguided and incorrect source of the facts. The two Judgments referred-to and attached to the Motion derive from two separate and distinct lawsuits and facts.     13.     To begin, Defendant does not dispute that he holds a Judgment against Plaintiff, and Plaintiff holds a Judgment against Defendant. There is no dispute that each Judgment is final. The Exhibits attached to the Motion say what they say and define the facts and issues in this case.

14.     The primary facts are that Plaintiff has a Judgment against Defendant dated May 16, 2013, and affirmed by the Court of Appeals on February 17, 2015. See Exhibit "B" to the Motion. At the same time, Defendant holds a Judgment against Plaintiff dated May 16, 2013, and for $1,900,000 (as set forth in Schedule "B").

15.     I filed my Chapter 7 Petition on June 25, 2015, and listed Plaintiff as a creditor in Schedule "F".

16.     In 2006, Plaintiff and I attended Arbitration. And while the initial intent of the Arbitration was to resolve all issues, in fact the Arbitrator ruled (on November 17, 2006) that Plaintiff owed me $212,963.71, and that I owned a 25% of the company. The Parties filed conflicting Petitions in the Superior Court regarding confirmation of the Award and vacating the Award. Plaintiff appealed the Award but the Award was affirmed on Appeal. The Appellate Court also noted it reversed the Arbitrator's revised Opinion insofar as I was not responsible for the debts of the business. (The clarification was made beyond 30 days of the Arbitration Award.)

17.     On January 13, 2009, I filed my Superior Court Complaint for dissolution of the business, an accounting, and breach of fiduciary duty. Judgment was entered on May 16, 2013, inter alia, dissolving the business. Finally, after years of litigation on February 17, 2015, the

6

1    California Appellate Court rendered an Opinion. See Exhibit "A" to the Motion. As set forth on

2    Page 9 of the Opinion, the Court concluded that the Arbitration Award did not resolve all issues

3    and did not preclude litigation of every issue relating the events predating the Arbitration. Thus,

4    the Appellate Court agreed that not all issues had been resolved.

5        18.    In Plaintiff's Superior Court Complaint against me, he alleged that the

6    circumstances were different than in the first lawsuit. Accordingly, Plaintiff himself as admitted,

7    in the Superior Court cases, that the debts are separate and distinct, and derive from different

8    facts. For otherwise, Plaintiff would not have won the second lawsuit against me and obtained a

9    Judgment.

10       I declare under penalty of perjury of the laws of the United States that the foregoing is

11    true and correct. This Declaration was executed on January 11, at Los Angeles, CA.

12

13
                        /s/ David Massaji
                        David Massaji

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
26895 Aliso Creek Rd., #B663, Aliso Viejo, CA 92656

A true and correct copy of the foregoing document entitled (specify  *OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, DECLARATION OF SCHAFA DAVID MASSAJI*   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _
  1/11/2016               , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Defendant's Attorney David B. Lally, Esq., Davidlallylaw@gmail.com
Plaintiff's Attorney Carolyn Dye <cdye@cadye.com, trustee@cadye.com
Chapter 7 Trustee Brad D. Krasnoff, Esq., jmcdaniel@dgdk.com, bkrasnoff@ecf.epiqsystems.com.
U.S. Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  1/11/2016    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Robert Kwan, 255 E. Temple St., Courtroom 1675, Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| January 11, 2016 | David Brian Lally, Esq. | *[signature]* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.