CAROLYN A. DYE (SBN 97527)
3435 Wilshire Blvd.
Suite 990
Los Angeles, CA 90010
213/368-5000 – Telephone
213/368-5009 – Facsimile
Email: trustee@cadye.com

Attorney for Plaintiff Mark Rofeh

**FILED & ENTERED**

**MAR 21 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum   **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

**CHANGES MADE BY COURT**

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>SCHAFA DAVID MASSAJI,<br>　　　　　Debtor.<br>_____<br>MARK ROFEH,<br>　　　　　Plaintiff,<br>　　vs.<br>SCHAFA DAVID MASSAJI, DEBTOR HEREIN AND BRAD KRASNOFF, CHAPTER 7 TRUSTEE,<br>　　　　　Defendants. | Case No. 2:15-bk-20200-RK<br>[Chapter 7]<br><br>Adv. Case No.: 2:15-ap-01577-RK<br><br>PLAINTIFF'S AMENDED STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW; ORDER THEREON<br><br>Date:　March 22, 2016<br>Time:　3:00 p.m.<br>Place:　Courtroom 1675<br>　　　　255 E. Temple Street<br>　　　　Los Angeles CA 90012 |

　　　Plaintiff, Mark Rofeh ("Rofeh"), by and through his counsel, hereby presents his Amended Statement of Undisputed Facts and Conclusions of Law, as set forth below.

/ / /

/ / /

/ / /

-1-

Main Document    Page 2 of 10

# I

# UNDISPUTED FACTS AND EVIDENTIARY SUPPORT

# (FIRST CAUSE OF ACTION – DECLARATORY RELIEF)

| Undisputed Facts | Evidence |
|---|---|
| 1. Defendant admits that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. 553(a), Rule 7001(a) and (g) of the Federal Rules of Bankruptcy Procedure and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code. | 1. Complaint, ¶ 1[*]; Answer of Massaji, ¶ 1, Exhibit A to Motion for Summary Judgment. |
| 2. Defendant admits that this adversary proceeding is brought pursuant to Rule 7001 (a) and (g) of the Federal Rules of Bankruptcy Procedure. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O) and the Plaintiff otherwise consents to this Court entering final orders with respect to any matter concerning this adversary proceeding. | 2. Complaint, ¶ 2; Answer of Massaji, ¶ 2, Exhibit A to Motion for Summary Judgment. |

---

[*] All references to "Complaint, Paragraph __" refer to the Complaint filed by Plaintiff, a true and correct copy of which is filed as Exhibit A to Plaintiff's Request for Judicial Notice.

| | |
|---|---|
| 3. Defendant admits the venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a). | 3. Complaint, ¶ 3; Answer of Massaji, ¶ 3, Exhibit A to Motion for Summary Judgment. |
| 4. Defendant admits that he filed a Chapter 7 Petition on June 25, 2015, Case No. 2:15-bk-20200-RK. Defendant, Brad Krasnoff, was thereafter appointed as the Chapter 7 Trustee in this case and serves in that capacity. Defendant Krasnoff was sued in that capacity but has been dismissed by Stipulation. | 4. Complaint, ¶ 4; Answer of Massaji, ¶ 4, Exhibit A to Motion for Summary Judgment; Declaration of Carolyn A. Dye, ¶ 6. |
| 5. Rofeh is the uncle of the Defendant. As described herein, they each hold judgments against the other that were final judgments for liquidated amounts prior to the commencement of the Debtor's case. | 5. Complaint, ¶ 5; Answer of Massaji, ¶ 5, Exhibit A to Motion for Summary Judgment. |
| 6. On February 17, 2015, the California Court of Appeals, in Case No. B250315, affirmed the lower court's Judgment (entered on March 9, 2013 in Los Angeles County Superior Court Case No. BC405445 ("Case 2")), entering a judgment in favor of Rofeh against Debtor. The Judgment entered in Case 2 is a final judgment for a liquidated amount. | 6. Complaint, ¶ 6; Answer of Massaji, ¶ 6, Exhibit A to Motion for Summary Judgment; Judgment, Case 2, Exhibit B to Motion for Summary Judgment. |

| | |
|---|---|
| 7. Defendant admits that he holds a Judgment against Rofeh arising from an earlier case, Los Angeles County Superior Court Case No. BS107044 ("Case 1") entered on May 16, 2013. The judgment obtained in Case 1 is a final judgment for a liquidated amount. | 7. Complaint, ¶ 7; Answer of Massaji, ¶ 7, Exhibit A to Motion for Summary Judgment; Judgment, Case 1, Exhibit C to Motion for Summary Judgment. |
| 8. Defendant admits that on his Schedule B he listed the Judgment he held against Rofeh (obtained in Case 1) as an asset valued at $1,900,000. Debtor listed Rofeh and his wife (erroneously named "Mary Rofeh, Esq.") as creditors stating he owed each of them $2,000,000 arising from the Judgment entered in Case 2. (Although Rohef and his wife are each listed individually as creditors, there is only one debt for the Judgment amount from Case 2.) | 8. Complaint, ¶ 8; Answer of Massaji, ¶ 8, Exhibit A to Motion for Summary Judgment; Schedule B to Petition, Exhibit D to Motion for Summary Judgment. |
| 9. The judgment in favor of Rofeh having been entered than 90 days prior to the commencement of the Debtor's case was a final unavoidable judgment. | 9. Declaration of Carolyn A. Dye, ¶ 5; Judgment, Case 2, Exhibit B to Motion for Summary Judgment; *see also,* Complaint, ¶ 9 (the "see also" references to the Complaint herein are for reference purposes only since it is not evidence absent Debtor's admissions). |

-4-

| | | |
|---|---|---|
| 1 | 10. The amounts owed under the two judgments are mutual obligations between Rofeh and Debtor, arising between them in the same right and in the same capacity. | 10. Amended Statement of Undisputed Facts herein, ¶¶ 6-9; Declaration of Carolyn A. Dye, ¶ 6, Judgments, Case 2 and Case 1, Exhibits B and C to Motion for Summary Judgment; *see also,* Complaint, ¶ 10. |
| 7 | 11. As of the Petition date in this case, Rofeh owed Debtor $1,694,786.78, and Debtor owed Rofeh $2,197,537.60. Thus, the amount owed by Debtor exceeds the amount owed to Rofeh. | 11. Amended Statement of Undisputed Facts herein, ¶¶ 6-10; Declaration of Mark Rofeh, ¶ 6; Exhibit E to Motion for Summary Judgment; *see also,* Complaint, ¶ 11. |
| 13 | 12. The judgment against Rofeh is no longer property of the estate. | 12. Amended Statement of Undisputed Facts herein, ¶¶ 6-10; Declaration of Carolyn A. Dye, ¶ 6; Notice of Abandonment; Exhibit F to Motion for Summary Judgment; *see also,* Complaint, ¶ 12. |
| 20 | 13. Once the setoff is allowed, there will be no amount collectible by the Defendant from Rofeh. | 13. Amended Statement of Undisputed Facts herein, ¶¶ 6-10; Complaint, ¶ 13; Answer of Massaji, ¶ 13; Declaration of Carolyn A. Dye, ¶¶ 1-6. |
| 25 | 14. Rofeh was permitted to file this Complaint as the Court has granted Rofeh's Motion for Relief from the Automatic Stay, permitting Rofeh the right | 14. Declaration of Carolyn A. Dye, ¶ 7; Stay Relief Order, Exhibit G to Motion for Summary Judgment; *see also,* Complaint, ¶ 14. |

Main Document    Page 6 of 10

to seek setoff under 11 U.S.C. Section 553(a).

## II

## CONCLUSIONS OF LAW

## NO GENUINE ISSUE OF FINAL MATERIAL FACT

## (FIRST CAUSE OF ACTION – DECLARATORY RELIEF)

Plaintiff incorporates by this reference as of set forth herein the Undisputed Facts and Supporting Evidentiary Support set forth in I above, paragraphs 1-14.

Establishing the absence of a genuine issue of material fact regarding Defendant's liability is shown by the following undisputed evidence:

(i)     there is no genuine issue of material fact that each of Plaintiff and Defendant hold judgments against each other;

(ii)    each judgment was a "final" judgment entered prior to 90 days before the Debtor's bankruptcy case was filed; and

(iii)   Movant is entitled to a Declaratory Judgment that he is entitled to setoff.

## III

## PLAINTIFF IS ENTITLED TO SETOFF

## (SECOND CAUSE OF ACTION - SETOFF)

Plaintiff incorporates by this reference as if set forth in full herein the Undisputed Facts and Supporting Evidentiary Support set forth in I above, paragraphs 1-14.

The cause of action for setoff is established, as follows:

(i) the judgments are subject to setoff pursuant to 11 U.S.C. Section 553 in that:

(a)   Rofeh, the creditor, holds a claim that arose before the commencement of the case;

(b)   Rofeh, the creditor, owes a debt that also arose before the commencement of the case;

-6-

    (c) the claim and debt are mutual; and

    (d) the claim and debt are each valid and enforceable.

  (ii) the debt owed to Rofeh exceeds the amount owed to Defendant by Rofeh; and

  (iii) Rofeh is entitled to a judgment of setoff and a judgment that he owes nothing to Debtor.

          LAW OFFICE OF CAROLYN A. DYE

Dated: February 8, 2016    By: /s/ Carolyn A. Dye
          Carolyn A. Dye, Attorneys for
          Plaintiff, Mark Rofeh

## **ORDER**

Having considered and revised Plaintiff's Amended Statement of Undisputed Facts and Conclusions of Law recited above and having conducted an independent review of the evidence in the record before the court on Plaintiff's Motion for Summary Judgment, the court adopts Plaintiff's Amended Statement of Undisputed Facts and Conclusions of Law as its Statement of Uncontroverted Facts and Conclusions of Law within the meaning of Local Bankruptcy Rule 7056-1(b).  In doing so, the court has considered and rejects Defendant's Statement of Disputed Facts, and Conclusions of Law in Support of Opposition to Motion for Summary Judgment. (The court disregards Defendant's Amended Statement of Disputed Facts, lodged on March 18, 2016, as untimely in violation of the court's scheduling order filed on February 1, 2016, and would otherwise consider the Amended Statement of Disputed Facts as lacking of merit for the same reasons as the initial Statement of Disputed Facts, and would moreover consider the objections of Defendant to Plaintiff's Statement of Undisputed Facts and Conclusions of Law as lacking foundation or otherwise lacking merit.)

Defendant's Statement of Disputed Facts relying upon the Declaration of David Massaji asserts that the two judgments in Cases 1 and 2 "derive from two separate and distinct lawsuits and facts," and thus, Defendant in his Conclusions of Law argues that setoff is inappropriate here because mutuality of claims is lacking, and therefore, Defendant urges that the Motion should be denied.  The court disagrees with Defendant.  The so-called Disputed Facts, even if true, are immaterial because they purport to show that the debts are not mutual because they do not arise out of the same transaction, and the case law is contrary to this proposition because under 11 U.S.C. § 553, "[t]he mutual debt need not, however, have arisen out of the same transaction in order for setoff to be available under the statute." *In re Davidovich,* 901 F.2d 1533, 1537 (10th Cir. 1990) (citation omitted); *accord,* 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 17:212 at 17-28 (2015); *see also,* 5 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 553.03[3][a] at 553-27 – 533-28 (16th ed. 2015) (citations omitted).  The right of offset under 11 U.S.C. § 553 "applies only to *mutual* claims arising prepetition."  3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 17:210 at 17-27 (emphasis in original), *citing,* 11 U.S.C. § 553(a); *In re Wade Cook Financial Corp.,* 375 B.R. 580, 594 (9th Cir. BAP 2007); and *In re Davidovich,* 901 F.2d at 1538.  "Mutuality means that the debts involved must be between the *same* parties standing in the *same capacity,* and that each debt must be *valid and enforceable.*"  3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 17:211 at 17-28 (emphasis in original), *citing,* 11 U.S.C. § 553(a); *In re Wade Cook Financial Corp.,* 375 B.R. 580, 594 (9th Cir. BAP 2007); and *In re Davidovich,* 901 F.2d at 1537; *Matter of O.P.M. Leasing Services, Inc.,* 68 B.R. 979, 986 (Bankr. S.D.N.Y. 1987); and *In re Commercial Reprographics, Inc.,* 95 B.R. 174, 179 (Bankr. E.D. Cal. 1988); *see also, England v. Industrial Commission of Utah (In re Visiting Home Services, Inc.),* 643 F.2d 1356, 1360 (9th Cir. 1981)(interpreting case under the Bankruptcy Act of 1898)("Mutuality requires that the debts and credits must be in the same right, between the same individual, and in the same capacities."), *citing,* former 11 U.S.C. § 108 and *Collier on Bankruptcy,* ¶ 68.04[2.1] at 860 (14th ed. 1976).  (With respect

to the "same right" requirement, *Collier on Bankruptcy* comments: "The precise meaning of the term is often obscured in the case law, and in many instances, it is used synonymously with the concept of 'capacity. The distinguishing feature of the concept is that it subsumes the separate question of whether any of the obligations sought to be offset are owed jointly with some other entity." 5 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 553.03[3][] at 553-37 – 533-38, *citing inter alia, Gray v. Rollo,* 85 U.S. 629, 632 (1873) (footnotes omitted). This case does not involve joint obligations which raise any issue of whether the "same right" was involved.)

    The requirements of mutuality as described herein are met because the debts involved, the judgment debts in Cases 1 and 2, are between Plaintiff and Defendant, who are the same parties in the same capacity as individuals (as opposed to being in different capacities, i.e., not in a representative or fiduciary capacity, *see,* 5 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 553.03[3][c] at 553-32 – 533-38; 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶¶ 17:219 – 17-231 at 17-29 – 17-32 (citations omitted), and the debts are valid and enforceable as based on final judgments of the California state courts, which are courts of competent jurisdiction. Thus, the court disagrees with Defendant's arguments and determines that such arguments are not supported by applicable legal authority. In this regard, the court agrees with Plaintiff's arguments in his Reply to Debtor's Response to Motion for Summary Judgment, which completely refute Defendant's arguments.    .

///

///

Based on this Statement of Uncontroverted Facts and Conclusions of Law and Order thereon, the court will grant Plaintiff's Motion for Summary Judgment and will enter a separate order and judgment concurrently herewith.

###

Date: March 21, 2016

Robert Kwan
United States Bankruptcy Judge